# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BRIAN KEITH BRIM,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendants. | CASE NO. 2:15-CV-7496-SVW<br><br>2:88-CR-886-JDG<br><br>**ORDER DENYING WRIT OF CORAM NOBIS** |

## I. INTRODUCTION

On December 16, 1988, Defendant plead guilty to making a false statement in acquisition of a firearm. Dkt. 1 at 4. He was sentenced to 14 months' imprisonment. *Id.* He believes the sentencing judge in that case failed to use a 2-point downward adjustment based on his acceptance of responsibility. *Id.* at 7.

On January 28, 1996, Defendant was charged with four counts for his involvement in manufacturing PCP, and eventually convicted on three of those counts. Dkt. 11 at 4. The Ninth Circuit upheld the conviction on Count One, and reversed the conviction on Counts three and four. *Id.* He was sentenced to life in prison. *Id.*

He contends the following errors were made during sentencing in 1988 and that these errors effected his sentencing for the 1996 conviction:

> (1) Had Petitioner been sentenced properly [in 1988], he could only have received up to a "10-month" sentence; (2) had Petitioner received a sentence within the range that he was supposed to have been sentenced, he would not have been on probation when he committed the instant offense; (3) having been sentenced to 14-months instead of 10-month (or less) Petitioner received 3 criminal history

> points as opposed to receiving 2 points; (4) Petitioner would not have "still" been on probation had he been sentenced 10-months (or less) as opposed to having been sentenced to 14-months; (5) Petitioner also received two-(2) additional points for having been on probation when the instant offense was committed.

*Id.* Petitioner is currently in prison serving his life sentence. Dkt. 11 at 3.

## II. ANALYSIS

A writ of *coram nobis* may be granted if Petitioner can show (1) a more usual remedy is not available; (2) a valid reason for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character. *United States v. Monreal*, 302 F.3d 1127, 1132 (9th Cir. 2002). *Coram nobis* relief cannot be granted when a prisoner is in federal custody, and thus relief under 28 U.S.C. § 2255 remains available. *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002).

This Court finds that since Petitioner is still in federal custody he cannot seek *coram nobis* relief. Petitioner contends that since he fully served his sentence in the 1988 conviction, that *coram nobis* relief is the proper remedy. Dkt. 26 at 3. Petitioner is mistaken. In the Eighth Circuit case of *United States v. Little*, 608 F.2d 296 (8th Cir. 1979) the Court held:

> Because Little has fully served his 1963 sentence, he seeks coram nobis relief under the All Writs Section of the Judicial Code . . . . Since, however, Little is again in federal custody on a subsequent conviction and alleges that the latter sentence was enhanced by his previous conviction, it appears that Little's remedy does not lie in coram nobis but in a petition for post-conviction relief under 28 U.S.C. s 2255.

*Id.* at 299. The *Little* Court relied on *United States v. Tucker*, 404 U.S. 443 (1972), which held that § 2255 relief can be granted when the a judge's "sentence [was] founded at least in part upon misinformation of constitutional magnitude" including when the "sentencing judge gave specific consideration to the respondent's previous convictions before imposing sentence upon him" and these convictions were obtained unconstitutionally. *United States v. Tucker*, 404 U.S. 443, 447 (1972).

Similar to the Petitioner in *Little*, Brim is "again in federal custody" and argues "the latter sentence was enhanced by his previous conviction." *See Little*, 608 F.3d at 299. Thus, his remedy lies in § 2255, and not *coram nobis*. Even if relief under § 2255 is procedurally barred,[1] "[a] petitioner may not resort to *coram nobis* merely because he has failed to meet the AEDPA's gatekeeping requirements. To hold otherwise would circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal court and enable prisoners to bypass the limitations and successive petitions provisions." *Matus-Leva*, 287 F.3d at 761.

---

[1] At this juncture the Court does not decide whether § 2255 relief is barred as Petitioner may be able to establish equitable tolling pursuant to *Holland v. Florida*, 560 U.S. 631, 694 (2010) (finding that one-year limitation can be tolled if petitioners shows (1) that the prisoner has been pursuing his rights diligently, and (2) that some extraordinary circumstances prevented timely filing).

### III. CONCLUSION

This Court DENIES Petitioner's write of *coram nobis* since the writ is unavailable to those in federal custody.

IT IS SO ORDERED

Date: November 9, 2016

_____
HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

3